```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                    :
AKANIYENE W. ETUK,                                  :
                                                    :
                              Plaintiff,            :           24 Civ. 4953 (JPC)
                                                    :
                -v-                                 :           ORDER OF SERVICE
                                                    :
THE CITY OF NEW YORK, BRONXWORKS, DHS,              :
MONTEFIORE MEDICAL CENTER, and NYPD,                :
                                                    :
                              Defendants.           :
                                                    :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff Akaniyene William Etuk, who is appearing *pro se*, brings this action under this Court's federal question jurisdiction, seeking damages, injunctive relief, and declaratory relief. He sues: (1) the City of New York; (2) Bronxworks, a private social-services organization; (3) the New York City Department of Homeless Services ("DHS"); (4) the Montefiore Medical Center ("Montefiore"); and (5) the New York City Police Department ("NYPD"). The Court construes Plaintiff's Amended Complaint, Dkt. 7, which is the operative pleading for this action, as asserting claims under 42 U.S.C. § 1983 and under state law.

By Order dated July 12, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court: (1) dismisses Plaintiff's claims against the DHS and the NYPD; (2) directs the Clerk of Court to add "John Does 1-10" as Defendants in this action; (3) directs service on the City of New York, Bronxworks, and Montefiore; and (4) directs the Corporation Counsel of the City of New York, as well as counsel for Bronxworks and Montefiore, to provide Plaintiff and the Court with the identities (and, if appropriate, shield numbers), as well as service addresses of the individual

NYPD, DHS, Bronxworks, and Montefiore officers and employees involved in the events alleged in the Amended Complaint.

## I. Standard of Review

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits. To state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the Amended Complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But the Court does not have to accept as true "[t]hreadbare recitals of the elements of a

cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## II. Discussion

### A. Claims Against the DHS and the NYPD

The Court must dismiss Plaintiff's claims against the DHS and the NYPD. The DHS and the NYPD, which are agencies of the City of New York, are not separate entities that can be sued. N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (holding NYPD was not a proper defendant); *Wright v. Admin. of Children Servs.*, No. 23 Civ. 10381 (LTS), 2024 WL 622280, at *2 (S.D.N.Y. Feb. 14, 2024) (holding DHS, the NYPD, and another New York City agency were not proper defendants); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the DHS and the NYPD for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Adding "John Does 1-10" as Defendants

Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). Under this rule, courts have added an individual as a defendant in an action, though that individual is not named as a defendant in the

3

complaint, because he or she is mentioned "throughout the body of the Complaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of Corr.*, No. 20 Civ. 1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, No. 19 Civ. 5909 (VSB), 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).

Plaintiff refers to unidentified individual officers and employees of the DHS, NYPD, Bronxworks, and Montefiore as being involved in the events alleged in the Amended Complaint. In light of Plaintiff's *pro se* status and his allegations, the Court understands Plaintiff's Amended Complaint as asserting additional claims against those unidentified individuals. Accordingly, the Court directs the Clerk of Court to add unidentified "John Does 1-10" as placeholder Defendants in this action, under Rule 21. This amendment is without prejudice to any defenses those individuals may wish to assert.

C.   **Service on the Identified Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (providing that the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the City of New York, Bronxworks, and Montefiore, the Clerk of Court is instructed to fill out USMS Process Receipt and Return forms ("USM-285 forms") for those defendants. The Clerk of Court is further instructed to issue summonses for

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within ninety days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the Amended Complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until ninety days after the date that any summonses issue.

those defendants, and deliver to the USMS all the paperwork necessary for the USMS to effect service of the Amended Complaint upon those Defendants.

If the Amended Complaint is not served on those Defendants within ninety days after the date that summonses for those Defendants have issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is a plaintiff's responsibility to request an extension of time for service).

Plaintiff also is advised that he must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

**D.     The Unidentified "John Doe" Defendants**

Under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), a *pro se* litigant is entitled to assistance from the Court in ascertaining an unidentified defendant's identity and a defendant's proper service address. In the Amended Complaint, Plaintiff supplies information that appears to be sufficient to permit the DHS, the NYPD, Bronxworks, and Montefiore to provide the identities (and, if appropriate, shield numbers), as well as service addresses of the unidentified "John Doe" Defendants; they include the individual officers or employees of the DHS, the NYPD, Bronxworks, and Montefiore involved with the events alleged in the Amended Complaint. It is therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the DHS and the NYPD, as well as counsel for Bronxworks and Montefiore, must ascertain the identities (and, if appropriate, shield numbers) of these unidentified Defendants, as well as their service addresses. The Corporation Counsel, as well as counsel for Bronxworks and Montefiore, must provide this information to the Court and to Plaintiff within sixty days of the date of this Order.

Within thirty days of receiving this information, Plaintiff must file a Second Amended Complaint naming these newly identified individuals as Defendants and providing their service

5

addresses. The Second Amended Complaint will replace, not supplement, the original Complaint and the Amended Complaint. A second amended complaint form that Plaintiff should complete is attached to this Order. Once Plaintiff has filed a Second Amended Complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendants.

### III. Conclusion

The Court directs the Clerk of Court to mail an information package to Plaintiff.

For the reasons discussed above, the Court: (1) dismisses Plaintiff's claims against the DHS and the NYPD; (2) directs the Clerk of Court to add "John Does 1-10" as Defendants in this action; (3) directs service on the City of New York, Bronxworks, and Montefiore; and (4) directs the Corporation Counsel of the City of New York, as well as counsel for Bronxworks and Montefiore, to provide Plaintiff and the Court with the identities (and, if appropriate, shield numbers), as well as service addresses of the individual DHS, NYPD, Bronxworks, and Montefiore officers and employees involved in the events alleged in Plaintiff's Amended Complaint.

The Court further directs the Clerk of Court to: (1) issue summonses for the City of New York, Bronxworks, and the Montefiore Medical Center; (2) complete USM-285 forms with the service addresses for those Defendants, and; (3) deliver all documents necessary to effect service of the summonses and the Amended Complaint, Dkt. 7, on those Defendants to the USMS.

The Court additionally directs the Clerk of Court to mail copies of this order and copies of the Amended Complaint, Dkt. 7, to: (1) the Corporation Counsel of the City of New York, at 100 Church Street, New York, New York 10007; (2) Bronxworks, at its Administration Office, 60 East Tremont Avenue, Bronx, New York 10453; and (3) Montefiore Medical Center, at its Legal Affairs Department, 111 East 210th Street, Bronx, New York 10467.

A second amended complaint form is attached to this Order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  August 21, 2024
        New York, New York

                                            _____
                                            JOHN P. CRONAN
                                            United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. The City of New York
   Law Department
   100 Church Street
   New York, New York 10007

2. Bronxworks
   Administration Office
   60 East Tremont Avenue
   Bronx, New York 10453

3. Montefiore Medical Center
   Legal Affairs Department
   111 East 210th Street
   Bronx, New York 10467