
**UNITED STATES DISTRICT COURT**
Southern District of New York
500 Pearl Street
New York, NY 10007



RECEIVED
SDNY PRO SE OFFICE
2025 JAN 30 PM 3: 32

**Akaniyene William Etuk**
2402 Atlantic Avenue #04
Brooklyn, New York
awetuk001@gmail.com
1(818) 485-9411 / 1(929) 676-0970
Pro Se Plaintiff

---

**UNITED STATES DISTRICT COURT**
Southern District of New York

**Akaniyene William Etuk**,
Plaintiff,
v.
**BronxWorks, DHS, NYPD, MONTEFIORE MEDICAL, DHS Officer Dionne Buckett, NYPD Officer Joeche Ramirez, NYPD Officer Alex Bedolla-Benavente, NYPD Officer Jomeliza Lopez Capellan, NYPD Officer Shacun Malave**
Defendants.

**Case No.: 1:24-cv-04953**

---

**THIRD AMENDED COMPLAINT**

### Introduction

This is a civil rights action brought by Plaintiff, Akaniyene William Etuk, against BronxWorks, the New York City Department of Homeless Services (DHS), the New York City Police Department (NYPD), Montefiore Medical Center, DHS Officer Dionne Buckett, NYPD Officer Joeche Ramirez, NYPD Officer Alex Bedolla-Benavente, NYPD Officer Jomeliza Lopez Capellan, and NYPD Officer Shacun

ETUK 1

Malave for violations of Plaintiff's constitutional rights, including the right to be free from unreasonable seizures, the right to privacy, and violations of the Americans with Disabilities Act (ADA). This Third Amended Complaint is filed due to the City Attorney's office providing new officer names after the prior complaint.

**Jurisdiction and Venue**

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 1983 (civil action for deprivation of rights).
2. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in this district.

**Parties**

3. Plaintiff, Akaniyene William Etuk, is a resident of Brooklyn, New York.

4. Defendant, BronxWorks, is a social services organization located at 3600 Jerome Avenue, Bronx, NY 10467.

5. Defendant, DHS, is a municipal agency located at 33 Beaver Street, New York, NY 10004.

6. Defendant, NYPD, is a municipal agency located at 1 Police Plaza, New York, NY 10038.

7. Defendant, Montefiore Medical Center, is a healthcare facility located at 111 East 210th Street, Bronx, NY 10467.

8. Defendant, DHS Officer Dionne Buckett, is employed by the Department of Homeless Services, located at 150 Greenwich Street, 38th Floor, Service and Subpoena Unit, New York, NY 10006.

9. Defendant, NYPD Officer Joeche Ramirez, is employed by the New York Police Department, 52nd Precinct, 3016 Webster Avenue, Bronx, NY 10467.

10. Defendant, NYPD Officer Alex Bedolla-Benavente, Shield #23226, is employed by the New York City Police Department, 1 Police Plaza, New York, NY 10038.

11. Defendant, NYPD Officer Jomeliza Lopez Capellan, Shield #7064, is employed by the New York Police Department, 52nd Precinct, 3016 Webster Avenue, Bronx, NY 10467.

12. Defendant, NYPD Officer Shacun Malave, Shield #7760, is employed by the New York Police Department, 52nd Precinct, 3016 Webster Avenue, Bronx, NY 10467.

**Facts**

13. On May 25, at approximately 11:00 AM, officers from the NYPD, accompanied by staff from BronxWorks, DHS, and Officer Dionne Buckett from DHS, arrived at Plaintiff's residence at 3600 Jerome Avenue, Bronx, NY 10467.

14. Despite having established residency for over one year and without providing proper notification, BronxWorks staff forcibly removed Plaintiff from his residence.

15. Plaintiff had previously reported to BronxWorks about an incident involving a staff member calling him derogatory names, but no corrective action was taken.

16. Officer Joeche Ramirez, without Plaintiff's permission, assisted in transporting Plaintiff to Jacobi Medical Center.

17. At Montefiore Medical Center, medical staff injected Plaintiff with an unknown substance without his consent, violating Plaintiff's rights under the Health Insurance Portability and Accountability Act (HIPAA).

18. Plaintiff's registered service animal, a dog, was also taken from him without his permission.

19. As a result of these actions, Plaintiff suffered physical and emotional injuries.

## Claims for Relief

### Count I: Violation of the Fourth Amendment

20. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19 as though fully set forth herein.

21. Defendants' actions in forcibly removing Plaintiff from his residence and transporting him without consent constituted an unreasonable seizure in violation of the Fourth Amendment.

### Count II: Violation of the Americans with Disabilities Act (ADA)

22. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19 as though fully set forth herein.

23. Defendants' actions in removing Plaintiff's service animal and failing to provide reasonable accommodations for his disability violated the ADA.

### Count III: Violation of the Right to Privacy

24. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19 as though fully set forth herein.

25. Defendants' actions in forcing Plaintiff to identify himself and transporting him to a medical facility without consent violated Plaintiff's right to privacy.

### Count IV: Excessive Force

26. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19 as though fully set forth herein.

27. Defendants' use of force in removing Plaintiff from his residence and the subsequent medical intervention constituted excessive force.

### Count V: False Imprisonment

28. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19

*ETnk 4*

as though fully set forth herein.

29. Defendants' actions in detaining and transporting Plaintiff without lawful justification constituted false imprisonment.

## Count VI: Negligence

30. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19 as though fully set forth herein.

31. Defendants' failure to provide proper notification and accommodations, and their neglect in handling Plaintiff's complaints, constituted negligence.

## Additional Allegations

32. There is no evidence that these officers signed or did not sign an oath to "We the People."

33. There is no evidence that these officers are in fact police or policy enforcers for the original republic.

34. There is no evidence that these officers are not working for a foreign corporation.

35. There is no evidence that there was a victim to which I may have caused harm.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award Plaintiff:

A. One million dollars ($1,000,000.00) for each violation of Plaintiff's constitutional rights and the ADA;

B. Punitive damages in an amount to be determined at trial;

C. Declaratory relief stating that Defendants' actions violated Plaintiff's constitutional rights and the ADA;

D. Injunctive relief preventing Defendants from engaging in similar conduct in the

ETMK 4

future;

E. Reasonable attorney's fees and costs of this action;

F. Such other and further relief as the Court deems just and proper.

**Trial by Judge Demand**
Plaintiff requests a trial by judge on all issues so triable.

---

**Exhibits**
Exhibit A: Hospital Record
Exhibit B: Dog Registration and Vaccination Papers

Dated: 2/29/25

**Respectfully submitted,**
Akaniyene William Etuk
Plaintiff, Pro Se
2402 Atlantic Avenue #04
Brooklyn, New York
awetuk001@gmail.com
1(818) 485-9411 / 1(718) 810-3683

ETUK 5