UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AKANIYENE W. ETUK,

                      Plaintiff,

   -v-

BRONXWORKS, et al.,

                     Defendants.

CIVIL ACTION NO. 24 Civ. 4953 (JPC) (SLC)

**ORDER**

---

**SARAH L. CAVE,** United States Magistrate Judge.

On March 21, 2025, the Corporation Counsel for the City of New York (the "City") filed a letter indicating that it "does not anticipate any issues with representation of" the individuals identified pursuant to the Court's Valentin Order[1] (the "Valentin Defendants") (ECF No. 9) but observes that these individuals have not yet been served. (ECF No. 35).

Because Mr. Etuk has been granted permission to proceed IFP, he is entitled to rely on the Court and the United States Marshals Service (the "U.S. Marshals") to effect service.[2] Walker v. Schult, 717 F.3d 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("[t]he officers of the court shall issue and serve all process . . . in [IFP] cases"); Fed. R. Civ. P. 4(c)(3) (instructing that the court "must" order the U.S. Marshals to effect service "if the plaintiff is authorized to proceed [IFP]"). To allow Mr. Etuk to effect service on the Valentin Defendants, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return Form ("USM-285 Form") for those Defendants.

---

[1] See Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, here, the Court extends the time to serve until 90 days after the date the summons is issued.

If the TAC is not served within 90 days after the date the summonses are issued, Mr. Etuk should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is plaintiff's responsibility to request an extension of time for service). Moreover, Mr. Etuk must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

In light of the above, the City's deadline to answer, move against, or otherwise oppose the TAC is HELD IN ABEYANCE, pending service of the Valentin Defendants. By **Monday, April 28, 2025**, the City shall file a letter regarding the status of service of the Valentin Defendants as well as any updates with respect to the City's prospective representation of these individuals.

The Clerk of Court is instructed to (i) complete the USM-285 Form with the addresses for Defendants below and deliver to the U.S. Marshals all documents necessary to effect service, and (ii) mail an information package and a copy of this Order to Mr. Etuk.

Dated:     New York, New York
           March 24, 2025

*[signature]*
**SARAH L. CAVE**
**United States Magistrate Judge**

**DEFENDANTS AND SERVICE ADDRESSES**

DHS Officer Raven Clemente, Shield #973
DHS Officer Amos Woods, Shield #966
DHS Officer Dionne Buckett, Shield Number Unknown
Department of Homeless Services
150 Greenwich Street, 38th Floor
Process Service and Subpoena Unit
New York, NY 10006

NYPD Officer Joeche Ramirez, Shield #4101
NYPD Officer Jomeliza Lopez Capellan, Shiel #7064
NYPD Officer Shacun Malave, Shield #7760
New York City Police Department
52nd Precinct
3016 Webster Ave
Bronx, NY 20467

Former NYPD Officer Alex Bedolla-Benavente, Shield #23226
New York City Police Department
1 Police Plaza
New York, NY 10038