UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                              :

AKANIYENE ETUK,                                 :

                                 :

                       Plaintiff,           :

                                 :

            -v-                               :           24 Civ. 4953 (JPC) (SLC)

                                 :

                                 :           <u>OPINION AND ORDER</u>

BRONXWORKS, *et al.*,                   :           <u>ADOPTING REPORT AND</u>

                                 :           <u>RECOMMENDATION</u>

                       Defendants.        :

                                 :

------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff Akaniyene Etuk, proceeding *pro se*, brings this action under 42 U.S.C. § 1983, the

Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 11201, *et seq.*, and New York law based

on his alleged forcible removal from a men's shelter operated by Defendant BronxWorks.[1]  On

November 7, 2025, the Honorable Sarah L. Cave, to whom this case has been referred for general

supervision of pretrial proceedings and to issue a Report and Recommendation on dispositive

motions, recommended that the undersigned grant the City Defendants' motion to dismiss.  Dkt.

79 ("R&R") at 16.

Plaintiff timely objected to the Report and Recommendation on November 20, 2025.  For

the reasons below, this Court overrules Plaintiff's objections and adopts Judge Cave's

---

[1] Defendants are the City of New York (the "City"); New York City Police Department
("NYPD") Officers Jomelia Lopez-Capellan, Shacun Malave, and Joeche Ramirez, former NYPD
Officer Alex Bedolla-Benavente, Department of Human Services ("DHS") Lieutenant Dionne
Beckett, and DHS Officers Raven Clemente and Amos Woods (the "Individual Defendants";
collectively, with the City, the "City Defendants"); BronxWorks; and Montefiore Medical Center
("Montefiore").

recommendation to grant the City Defendants' motion to dismiss in full.[2]  Plaintiff's Section 1983

claims against the Individual Defendants and *Monell* and ADA claims against the City are

dismissed without prejudice and with leave to amend.  Plaintiff's state-law claims against the City

Defendants are dismissed without prejudice for lack of subject matter jurisdiction.  And Plaintiff's

remaining claims against the City Defendants are dismissed with prejudice.  In addition, Plaintiff

is ordered to show cause within twenty-one days of this Opinion and Order why the Court should

not *sua sponte* dismiss his federal claims against BronxWorks and Montefiore without prejudice

but with leave to amend.

## I.  Background

### A.    Facts[3]

On May 25, 2024,[4] Plaintiff was residing in the BronxWorks shelter at 3600 Jerome

Avenue in the Bronx when, without warning, BronxWorks staff members forcibly removed him

from the shelter.  TAC ¶¶ 13-14.  Accompanying them were "staff from . . . DHS," including DHS

---

[2] Only the City Defendants moved to dismiss.  Neither BronxWorks nor Montefiore joined the City Defendants' motion, and while Montefiore has filed an Answer, Dkt. 34, BronxWorks has yet to appear in this action.  The Court addresses apparent pleading deficiencies as to those non-moving Defendants in Part IV of this Opinion and Order, *infra*.

[3] The facts are taken from the Third Amended Complaint, Dkt. 31 ("TAC"), and are assumed true solely for purposes of this Opinion and Order.  *See Interpharm, Inc. v. Wells Fargo Bank*, *Nat'l Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011) (explaining that on a motion to dismiss pursuant to Rule 12(b)(6), the court must "assum[e] all facts alleged within the four corners of the complaint to be true, and draw[] all reasonable inferences in plaintiff's favor").  The Third Amended Complaint pleads only barebones facts, however.  Because Plaintiff is *pro se*, the Court also considers the allegations contained in his brief opposing the City Defendants' motion to dismiss, Dkt. 73 ("First Opposition").  *See Stratton v. Officer Narcise 487*, No. 23 Civ. 2152 (KMK), 2023 WL 8436046, at *4 (S.D.N.Y. Dec. 5, 2023) (explaining that "when the complaint is filed by a *pro se* plaintiff, the Court may consider materials outside the complaint to the extent that they are consistent with the allegations in the complaint" (citation modified)).

[4] The Third Amended Complaint does not specify the year of the incident, *see generally* TAC, but Plaintiff's opposition brief and the initial Complaint state that it occurred in 2024, First Opposition at 1; Dkt. 1 ("Compl.") at 7.

Lieutenant Beckett. *Id.* ¶ 13. Plaintiff was then transported to Montefiore,[5] where "medical staff injected [him] with an unknown substance without his consent." *Id.* ¶ 17. NYPD Officer Ramirez "assisted in transporting" Plaintiff to the hospital. *Id.* ¶ 16. At some point during the ordeal, someone took away Plaintiff's registered service dog. *Id.* ¶ 18.

## B.    Procedural History

Plaintiff brought this action on June 24, 2024,[6] Dkt. 1, and has since amended his complaint three times. On August 16, 2024, Plaintiff filed the First Amended Complaint. Dkt. 7 ("FAC"). After he obtained the identities of the Individual Defendants pursuant to a *Valentin* order, he filed the Second Amended Complaint on December 30, 2024. Dkt. 25; *see Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997). On January 30, 2025, Plaintiff filed the operative Third Amended Complaint after obtaining the identifies of additional Individual Defendants allegedly involved in the incident. Dkt. 31.

---

[5] The Third Amended Complaint provides two names for the hospital where Plaintiff was admitted: "Jacobi Medical Center" and "Montefiore Medical Center." TAC ¶¶ 16-17. Appended to Plaintiff's initial Complaint is an after-visit summary from the Moses Division Hospital Emergency Department at Montefiore, dated May 25, 2024. Compl. at 9. Given that exhibit, Plaintiff's *pro se* status, and that Montefiore is a Defendant in this action, the Court construes the Third Amended Complaint as alleging that Plaintiff was taken to Montefiore, not Jacobi Medical Center.

[6] Plaintiff initiated other civil actions on the same day with similar complaints of forcible removal, false arrest, excessive force, or forcible medication on other occasions. *See Etuk v. N.Y.C. Police Dep't*, No. 24 Civ. 4955 (LTS) (S.D.N.Y.), Dkt. 1 (June 24, 2024) (alleging, *inter alia*, forcible removal from his residence, excessive force, false imprisonment, and forcible medication); *Etuk v. N.Y. Police Dep't*, No. 24 Civ. 4957 (KPF) (S.D.N.Y.), Dkt. 1 (June 24, 2024) (alleging, *inter alia*, forcible removal by BronxWorks and NYPD and DHS officers from a Jerome Avenue men's shelter on July 6, 2023); *Etuk v. City of New York*, No. 24 Civ. 4962 (GHW) (S.D.N.Y.), Dkt. 1 (June 24, 2024) (alleging that on August 30, 2023, NYPD officers arrested Plaintiff and used excessive force against him); *Etuk v. N.Y. Dep't of Homeless Servs.*, No. 24 Civ. 4967 (RA) (S.D.N.Y.), Dkt. 1 (June 24, 2024) (alleging that on March 30, 2023, officers falsely arrested Plaintiff, used excessive force, and took him to a different location without his permission); *Etuk v. N.Y.C. Police Dep't*, No. 24 Civ. 4989 (JHR) (S.D.N.Y.), Dkt. 1 (June 24, 2024) (alleging that on March 9, 2023, Plaintiff was falsely arrested, subjected to excessive force, and forcibly medicated).

All of the Third Amended Complaint's claims are brought against all Defendants.  The Third Amended Complaint lists as causes of action: "Violation of the Fourth Amendment" based on an unreasonable seizure (Count I), TAC ¶¶ 20-21; "Violation of the ADA" (Count II), *id.* ¶¶ 22-23; "Violation of the Right to Privacy" (Count III), *id.* ¶¶ 24-25; "Excessive Force" (Count IV), *id.* ¶¶ 26-27; "False Imprisonment" (Count V), *id.* ¶¶ 28-29; "Negligence" (Count VI), *id.* ¶¶ 30-31; and "Additional Allegations," *id.* ¶¶ 32-35.  With Plaintiff's *pro se* status in mind, the Court liberally construes Count V as bringing a Section 1983 claim for false imprisonment against the Individual Defendants and a state-law claim against the City Defendants, BronxWorks, and Montefiore.  The Court also construes the Third Amended Complaint as bringing a Section 1983 claim for municipal "*Monell* liability" because Plaintiff named the City as a defendant in his First Amended Complaint, FAC at 1, and refers in his Objections to his "[*Monell*] claim against the City of New York," Dkt. 81 ("Objections") at 3.  Accordingly, for purposes of this Opinion and Order, the Court refers to that as the "*Monell* claim."

In addition, the Court refers to Counts I, III, IV, and V (with respect to the City Defendants) as the "Section 1983 claims."  Counts V (with respect to BronxWorks and Montefiore) and VI are the "state-law claims."  (In other words, the only "state-law claim" against the City Defendants is Count VI, negligence.)  Count II is the "ADA claim."  The "Additional Allegations" refer to the allegations that the Individual Defendants did not take an oath to "We the People," were not properly employed by the City, and may work "for a foreign corporation," and that Plaintiff did not cause harm to any victim.  TAC ¶¶ 32-35.

Montefiore filed an Answer to the Third Amended Complaint on March 6, 2025.  Dkt. 34. The City Defendants moved to dismiss the Third Amended Complaint on August 1, 2025.  Dkts. 61, 62 ("Motion").  Plaintiff filed his first brief in opposition on September 26, 2025, Dkt. 73, and

a second one on October 22, 2025, Dkt. 76.  The City Defendants replied on October 31, 2025.

Dkt. 78.

On November 7, 2025, Judge Cave issued a Report and Recommendation, recommending that the undersigned grant the City Defendants' motion and dismiss Plaintiff's Section 1983, *Monell*, and ADA claims as to them without prejudice and with leave to amend.  R&R at 16.  Judge Cave further recommended dismissal of the state-law claim as to the City Defendants and the Additional Allegations with prejudice.  *Id.*

On November 20, 2025, Plaintiff timely objected to the Report and Recommendation as to each claim, except for the Additional Allegations, which he concedes are "frivolous."  Objections at 5.[7]  In the event the Court overrules his objections and grants the City Defendants' motion, Plaintiff requests leave to amend.  *Id.* at 2, 5-6.  The City Defendants responded on December 5, 2025.  Dkt. 82.

## II.  Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation.  28 U.S.C. § 636(b)(1)(C).  Within fourteen days after a party has been served with a copy of a magistrate judge's report and recommendation, the party "may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  If a party submits a timely and otherwise proper objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section.  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997).  The district court reviews those portions of a

---

[7] Accordingly, the Court dismisses the "Additional Allegations" with prejudice.

report and recommendation to which an improper objection was filed only for clear error. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

"The objections of *pro se* parties are 'generally accorded leniency and should be construed to raise the strongest arguments that they suggest.'" *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB) (JCF), 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (quoting *Howell v. Port Chester Police Station*, No. 09 Civ. 1651 (CS) (LMS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010)). However, "objections generally may not be new arguments 'that were not raised, and thus were not considered, by the magistrate judge.'" *Vlad-Berindan v. MTA N.Y.C. Transit*, No. 14 Civ. 675 (RJS), 2014 WL 6982929, at *1 (S.D.N.Y. Dec. 10, 2014) (quoting *Jackson v. Brandt*, No. 10 Civ. 5858 (PAC), 2012 WL 2512015, at *6 (S.D.N.Y. June 29, 2012)); *see also Berbick v. Precinct 42*, 977 F. Supp. 2d 268, 274 (S.D.N.Y. 2013) ("A motion referred to a magistrate judge is not a trial run." (citation modified)).

### III.  City Defendants' Motion to Dismiss

In light of Plaintiff's timely objections and his *pro se* status, the Court reviews the Report and Recommendation *de novo*.  To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Although the Court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor," *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015), it need not "accept as true legal conclusions

couched as factual allegations." *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475-76 (2d Cir. 2009).

## A.      The Section 1983 Claims

Construing Plaintiff's *pro se* pleadings to "raise the strongest arguments that they suggest," *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (citation modified), Plaintiff seeks relief against the Individual Defendants under Section 1983 to enforce his rights to be free from unreasonable search and seizure, infringement on his privacy, excessive force, and false imprisonment. TAC ¶¶ 20-21, 24-29. The Report and Recommendation explained that the Section 1983 claims fail because the Third Amended Complaint does not plead sufficient facts alleging the Individual Defendants' personal involvement or conduct beyond "simply being present." R&R at 8-9. Plaintiff responds that he has properly alleged that the Individual Defendants were personally involved in constitutional violations. Objections at 2-3. The Court disagrees, overrules this objection, and dismisses the Section 1983 claims as to the Individual Defendants.

"[T]o establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Specifically, a plaintiff must "allege a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). In doing so, he "must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). "The factors necessary to establish a § 1983 violation will vary with the constitutional provision at issue because the elements of different constitutional violations vary." *Id.* (citation modified). Plaintiff's allegations of the Individual Defendants' involvement in the May 25, 2024

incident are sparse, *see, e.g.*, TAC ¶¶ 13-19, but even construed liberally, they fail to state a claim under Section 1983.

### 1.    Lieutenant Beckett

With respect to Lieutenant Beckett, the Third Amended Complaint alleges only that she "arrived at Plaintiff's residence" along with NYPD officers and BronxWorks staff. *Id.* ¶ 13.  It is well-settled that "[a]n officer's mere presence at the scene" tends to "not constitute sufficient personal involvement for § 1983 liability." *Snead v. City of New York*, 463 F. Supp. 3d 386, 398-99 (S.D.N.Y. 2020) (collecting cases).  Absent additional allegations, such as allegations revealing Lieutenant Beckett's conduct at the scene, Plaintiff fails to sufficiently allege Lieutenant Beckett's personal involvement in any constitutional violation.

In his Objections, Plaintiff contends for the first time that Lieutenant Beckett was "a supervising officer on the scene" and that "her presence and failure to stop the unlawful seizure" constitute personal involvement for purposes of adequately alleging a Section 1983 claim. Objections at 2.   But "factual allegation[s] first made in an objection to a Report and Recommendation . . . cannot cure a deficient pleading, even where such is made by a *pro se* party." *Tasfay v. Ramos*, No. 20 Civ. 5472 (PAE) (JLC), 2022 WL 3225623, at *5 (S.D.N.Y. Aug. 10, 2022), *adopting*, 2022 WL 2338323 (S.D.N.Y. June 29, 2022).  Even crediting Plaintiff's new allegations would not save his Section 1983 claims against Lieutenant Beckett, though.  Under Section 1983, a supervising officer is liable for failing to intervene when "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008) (citing *O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988)).  Assuming *arguendo* that Plaintiff suffered a constitutional deprivation, his filings nevertheless do not

8

plausibly allege that Lieutenant Beckett had the requisite opportunity, knowledge, and inaction to sustain a Section 1983 claim under a supervisory-liability theory.

### 2.    Officer Ramirez

Plaintiff's Section 1983 claims against Officer Ramirez fail for similar reasons.  Merely pleading that Officer Ramirez "assisted in transporting" Plaintiff, TAC ¶ 16, without more factual allegations about Officer Ramirez's conduct, fails to plausibly allege personal involvement in any *constitutional violation* such as an unlawful seizure or false arrest.  *See id.* ¶¶ 13-19.  This is fatal to Plaintiff's Section 1983 claims against Officer Ramirez.  Even if Plaintiff adequately alleged Officer Ramirez's personal involvement, there still cannot be Section 1983 liability without a plausibly alleged constitutional violation.  *See D.S. v. City of Peekskill*, 581 F. App'x 65, 67 (2d Cir. 2014) (summary order) (explaining that to state a Section 1983 claim, a "plaintiff must . . . allege an underlying constitutional violation").  The Court elaborates on this point in light of Plaintiff's *pro se* status.

Plaintiff's objection to dismissal of his Section 1983 claims against Officer Ramirez indicates that he believes Officer Ramirez was involved in his false arrest in violation of the Fourth Amendment.  *See* Objections at 3 (discussing the claim against Officer Ramirez as "a direct allegation of personal involvement in the continued seizure and false imprisonment").  Officer Ramirez's "assist[ance] in transporting" Plaintiff to Montefiore indeed sounds in false arrest.  *See Etuk v. City of New York*, No. 24 Civ. 4962 (GHW) (SDA), 2025 WL 1785958, at *5 (S.D.N.Y. June 7, 2025) (construing allegations that Plaintiff was "transported" without consent to have his fingerprints taken as a false arrest claim), *report and recommendation adopted*, 2025 WL 1784813 (S.D.N.Y. June 27, 2025).  To be sure, "false arrest supports a claim against . . . police under section 1983." *Cook v. Sheldon*, 41 F.3d 73, 77 (2d Cir. 1994).  To adequately plead false arrest under the Fourth Amendment, a plaintiff must plead facts showing that "(1) the defendant intended

9

to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement[,] and (4) the confinement was not otherwise privileged." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (citation modified). A "privileged" arrest is one that is based on probable cause. *See Figueroa v. Mazza*, 825 F.3d 89, 99 (2d Cir. 2016) ("The existence of probable cause to arrest . . . will defeat a claim of false arrest under the Fourth Amendment."). The probable cause analysis for law enforcement arrests is different from the analysis for a seizure made in response to a mental health emergency. *Guan v. City of New York*, 37 F.4th 797, 804-05 (2d Cir. 2022). In *Guan*, the Second Circuit explained:

> For a law enforcement arrest, police officers have probable cause to arrest when they reasonably believe that "the person to be arrested has committed or is committing a crime." *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019) (quoting *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999)); *see also De Lourdes Torres [v. Jones]*, 47 N.E.3d 747 [(N.Y. 2016)] ("Probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty." (quoting *Colon v. City of New York*, 455 N.E.2d 1248 ([N.Y.] 1983)). On the other hand, for a mental health arrest, police officers must have "reasonable grounds for believing that the person seized is dangerous to herself or others." *Anthony v. City of New York*, 339 F.3d 129, 137 (2d Cir. 2003) (internal quotation marks omitted); *accord Green v. City of New York*, 465 F.3d 65, 83-84 (2d Cir. 2006) (requiring a showing of dangerousness for seizure and transportation to hospital for treatment or evaluation).

*Id.* (citation modified). And "[w]here a § 1983 plaintiff pleads false arrest, the lack of probable cause must be pleaded in the complaint." *Chepilko v. Bushuyev*, No. 14 Civ. 6732 (GBD) (GWG), 2016 WL 6407479, at *3 (S.D.N.Y. Oct. 28, 2016) (collecting cases), *report and recommendation adopted*, 2016 WL 7106235 (S.D.N.Y. Dec. 5, 2016).

Here, Plaintiff fails to plead any facts regarding the circumstances of his arrest and transfer to Montefiore, let alone facts that would establish the absence of probable cause for his arrest. *See Etuk*, 2025 WL 1785958, at *5. Nor does Plaintiff explain what Officer Ramirez did in assisting

10

his transportation to Montefiore.  Accordingly, the Court dismisses the Section 1983 claims against Officer Ramirez.

### 3.    The Remaining Individual Defendants

The Third Amended Complaint fails to allege any particular acts taken by the other Individual Defendants.  Instead, Plaintiff attributes all the allegedly unlawful conduct to the entire group without differentiating among its members.  *See* TAC ¶¶ 21, 23, 25, 27, 29 (describing "Defendants' actions" and "Defendants' use of force" without specifying any Individual Defendant's conduct).  To be sure, "[n]othing in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant." *Manchanda v. Navient Student Loans*, No. 19 Civ. 5121 (WHP), 2020 WL 5802238, at *2 (S.D.N.Y. Sept. 29, 2020) (citation modified).  But for purposes of alleging a defendant's personal involvement in a constitutional violation, a plaintiff must plead facts about each defendant's "own individual actions." *Tangreti*, 983 F.3d at 618 (citation modified).  The Third Amended Complaint is devoid of that information for the remaining Individual Defendants.

In his Objections, Plaintiff contends that the City's response to the Court's *Valentin* order "is *de facto* evidence that [the Individual Defendants] were personally involved in the events of May 25, 2024." Objections at 2.  Yet "a response to a *Valentin* request has never . . . been treated as an admission of actual involvement." *Kravitz v. Purcell*, No. 16 Civ. 8999 (KMK), 2022 WL 768682, at *7 (S.D.N.Y. Mar. 14, 2022) (citation modified), *aff'd in part, vacated in part, remanded*, 87 F.4th 111 (2d Cir. 2023).  The Court thus overrules Plaintiff's objection to the recommended dismissal of his Section 1983 claims against the remaining Individual Defendants.

* * *

For the foregoing reasons, the Court adopts Judge Cave's recommendation to dismiss Plaintiff's claims under Section 1983 against the Individual Defendants.  The Court grants Plaintiff

11

leave to amend, though only for Section 1983 claims for which he believes he can plead additional specific facts that would plausibly allege such a claim. For instance, merely stating that his transport to Montefiore was not privileged will not suffice, as that is a legal conclusion, not a factual allegation. Rather, he must plead facts that plausibly show that his transport to the hospital lacked probable cause.[8]

**B.    The *Monell* Claim**

The Court turns next to Plaintiff's Section 1983 claims against the City, which is the *Monell* claim. The doctrine of *respondeat superior* does not impose liability on a municipality under Section 1983. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986). "To hold a municipality liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (citation modified); *see Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). An "[o]fficial municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To establish *Monell* liability for a "persistent and widespread" practice by an agent of the municipality other

---

[8] For the benefit of Plaintiff's understanding, the Court takes this opportunity to clarify the difference between a factual allegation and a legal conclusion. A factual allegation is a statement that describes the specific events, circumstances, or actions that occurred. For example: "On January 1, 2026, Peter struck David's car from behind while traveling at about 45 miles per hour." A legal conclusion, on the other hand, is a statement that characterizes conduct in terms of liability. For example: "Peter is liable for damaging David's car." But to get to that legal conclusion, the plaintiff must actually *allege* facts that establish that when Peter struck David's vehicle, he was at fault and caused damage to it. Without more, "Peter is liable for damaging David's car" is a conclusion without support, and courts need not (and do not) accept it. *See Twombly*, 550 U.S. at 555 (stating that a complaint requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

than a policymaker, the agent's unconstitutional conduct must be "so manifest as to imply the constructive acquiescence of senior policy-making officials." *Lucente*, 980 F.3d at 297-98 (citation modified). An allegation of "a single incident . . . involv[ing] only actors below the policy-making level[] does not suffice to show a municipal policy." *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (citation modified).

Plaintiff's *Monell* claim fails for multiple reasons. First, Plaintiff has not plausibly alleged that any Individual Defendant violated his constitutional rights, *see supra* III.A, so *Monell* liability cannot exist based on their conduct. Without "[a]n underlying constitutional violation," a municipality cannot be held liable under Section 1983. *Nardoni v. City of New York*, 331 F. Supp. 3d 116, 125 (S.D.N.Y. 2018). Second, even crediting Plaintiff's allegation that the City Defendants and BronxWorks "coordinated . . . to remove [him] from his home without due process" signaling that "this was not a random, isolated incident, but a practiced procedure," Objections at 3-4, Plaintiff fails to allege that this was a persistent and widespread practice. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.").

Nor can a theory of *Monell* liability against the City survive based on the conduct by employees of BronxWorks or Montefiore, *see* Objections at 3-4, because Plaintiff does not allege that either is a state actor, *see infra* IV. "The first step in a *Monell* analysis is to determine whether *agents of the City* have violated the plaintiff's constitutional rights." *Sulehria v. City of New York*, 670 F. Supp. 2d 288, 321 (S.D.N.Y. 2009) (emphasis added). Crucially, "[w]ithout a state actor"— here, an agent of the City—"there can be no independent constitutional violation." *Claudio v.*

13

*Sawyer*, 675 F. Supp. 2d 403, 410 (S.D.N.Y. 2009) (citation modified), *aff'd*, 409 F. App'x 464 (2d Cir. 2011).  And "[i]f there is no independent constitutional violation, a *Monell* claim against the City will necessarily fail."  *Id.* (citation modified).  So Plaintiff cannot leverage any conduct by employees of BronxWorks or Montefiore into a *Monell* claim against the City.

Accordingly, the Court overrules Plaintiff's objection as to the *Monell* claim and dismisses it without prejudice.[9]  Like the Section 1983 claims against the Individual Defendants, Plaintiff may amend his complaint once more as to the *Monell* claim, but only if he has reason to believe he can cure the pleading defects identified.

## C.    The ADA Claims

To state a claim under Title II of the ADA, a plaintiff "must establish: (1) that he is a 'qualified individual' with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his disability."  *Grullon v. Admin. for Children's Servs.*, No. 18 Civ. 3129 (LJL), 2021 WL 981848, at *11 (S.D.N.Y. Mar. 16, 2021) (citation modified).  There are at least two situations in which police violate Title II during an

---

[9] As Judge Cave noted, *see* R&R at 9, the City Defendants did not specifically address municipal liability under Section 1983 in their moving brief.  *See generally* Motion.  Judge Cave, however, explained in detail why any Section 1983 claim based on municipal liability must fail.  R&R at 9-12.  This Court thus may properly dismiss the *Monell* claim.  "[A] Magistrate Judge's Report and Recommendation recommending that a claim be dismissed constitutes the requisite notice and opportunity to be heard to allow a district court to dismiss a claim *sua sponte*."  *Bocci v. Nationstar Mortg. LLC*, No. 23 Civ. 1780 (JPC) (KHP), 2025 WL 2754479, at *5 (S.D.N.Y. Sept. 29, 2025) (citation modified), *adopting in relevant part*, 2025 WL 2467024 (S.D.N.Y. Aug. 8, 2025); *accord E.A. Sween Co. v. A&M Deli Express, Inc.*, 787 F. App'x 780, 782 (2d Cir. 2019) (summary order); *Newman v. Park*, No. 24 Civ. 6829 (JPC) (JW), 2025 WL 2350259, at *1 (S.D.N.Y. Aug. 14, 2025), *adopting*, 2025 WL 2616512 (S.D.N.Y. July 29, 2025); *Avila v. Acacia Network, Inc.*, No. 23 Civ. 7834 (PAE), 2025 WL 2233987, at *3 n.2 (S.D.N.Y. Aug. 6, 2025), *adopting*, 2025 WL 2161280 (S.D.N.Y. Mar. 28, 2025), *and* 2025 WL 2622619 (S.D.N.Y. Apr. 3, 2025).

arrest: first, "where police wrongly arrest someone with a disability because they misperceive the effects of that disability as criminal activity," and second, "even where an arrest is appropriate, officers . . . fail to reasonably accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees." *Bobbit v. Marzan*, No. 16 Civ. 2042 (AT), 2020 WL 5633000, at *16 (S.D.N.Y. Sept. 21, 2020) (citation modified); *see also Williams v. City of New York*, 121 F. Supp. 3d 354, 368-69 (S.D.N.Y. 2015).

As an initial matter, as Judge Cave noted, *see* R&R at 12, the Individual Defendants are not viable defendants for the ADA claim because Title II does not create individual liability. *Andino v. Fischer*, 698 F. Supp. 2d 362, 380 (S.D.N.Y. 2010); *see Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *see also Morales v. City of New York*, No. 13 Civ. 7667 (RJS), 2016 WL 4718189, at *7 (S.D.N.Y. Sept. 7, 2016) (explaining that Title II incorporates the doctrine of vicarious liability). The ADA claims against the Individual Defendants thus fail as a matter of law and are dismissed with prejudice.

Judge Cave recommended dismissing the ADA claim against the City because Plaintiff fails to adequately allege that he is disabled, that the City's employees "misperceived a disability of his as criminal activity resulting in his alleged wrongful seizure," or that they failed to accommodate his disability. R&R at 13-14. Plaintiff objects on the grounds that his vision is impaired, he has post-traumatic stress disorder, and his service dog assists him with those conditions. Objections at 4.

The Third Amended Complaint proceeds under the theory that the "removing" of Plaintiff's service animal constitutes a failure to provide a reasonable accommodation. TAC ¶¶ 18, 23. This theory fails for two reasons. First, the Third Amended Complaint does not allege that

15

Plaintiff has a disability.  *See Grullon*, 2021 WL 981848, at *12.  Though Plaintiff states in his Objections for the first time that he is vision-impaired and suffers from post-traumatic stress disorder, *see* Objections at 4, as mentioned, a plaintiff may not amend his complaint in objections to a report and recommendation.  *See Echevarria v. Brandes*, No. 19 Civ. 10268 (PAE) (SLC), 2020 WL 6742782, at *2 (S.D.N.Y. Nov. 17, 2020), *adopting*, 2020 WL 7390083 (S.D.N.Y. Oct. 14, 2020).  Second, Plaintiff fails to plead facts indicating that any Individual Defendant acted because of his disability.  *See, e.g.*, *Askins v. Prestige Mgmt. Inc.*, No. 25 Civ. 461 (LTS), 2025 WL 1518106, at *4 (S.D.N.Y. May 27, 2025) (dismissing an ADA claim for lack of causation).  For instance, he does not allege that the City's employees failed to accommodate his disability such that they caused him to suffer greater injury or indignity than others in his circumstance would have.  *See Bobbit*, 2020 WL 5633000, at *16.

Accordingly, the Court overrules Plaintiff's objection and dismisses Plaintiff's ADA claim as to the City without prejudice.  In light of the facts raised in his Objections, the Court grants Plaintiff leave to amend this claim against the City as long as he believes that he can plead new allegations that will fix the defects identified here.  The Court dismisses the ADA claim as to the Individual Defendants with prejudice.

**D.    The State-Law Claim: Negligence**

The Court also agrees with Judge Cave's recommendation to dismiss Plaintiff's state-law claim against the City Defendants for negligence because he failed to serve a notice of claim on the City Defendants.  R&R at 14-15.  "Under New York law, a plaintiff asserting tort claims against the City or its employees must file a notice of claim within ninety days after the incident giving rise to the claim and commence the action within a year and ninety days from the date of the incident."  *Brown v. City of New York,* No. 18 Civ. 3287 (JPO), 2020 WL 1819880, at *7 (S.D.N.Y.

Apr. 9, 2020) (citing N.Y. Gen. Mun. Law §§ 50-e(1)(a), 50-i(1)).  In federal court, "'state notice-of-claim statutes apply to state-law claims,'" *Villa v. Westchester Cnty.*, No. 19 Civ. 428 (KMK), 2020 WL 4505968, at *8 (S.D.N.Y. Aug. 5, 2020) (citation modified), and "[f]ederal courts do not have jurisdiction to hear complaints from plaintiffs who have failed to comply with the notice of claim requirement, or to grant permission to file a late notice."  *Gibson v. Comm'r of Mental Health*, No. 04 Civ. 4350 (SAS), 2006 WL 1234971, at *5 (S.D.N.Y. May 8, 2006); *see also Aegis Ins. Servs., Inc. v. Port Auth. of N.Y. & N.J.*, 435 F. App'x 18, 25 (2d Cir. 2011) (suggesting that notice-of-claim requirements are "jurisdictional prerequisites" and that the "failure to comply with them compels the dismissal of the action for lack of subject matter jurisdiction" (citation modified)).  These notice-of-claim requirements are "construed strictly, even against *pro se* plaintiffs." *Morales*, 2016 WL 4718189, at *9 (citation modified).

Plaintiff concedes that he failed to timely file a notice of claim for his state-law claim of negligence against the City Defendants.  Objections at 5.  The Court thus overrules his objection and dismisses the state-law negligence claim against the City Defendants without prejudice for lack of subject matter jurisdiction.  *See Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017) ("[W]hen a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss the case with prejudice." (citation modified)).  The Court agrees with the Report and Recommendation that leave to amend this claim should not be granted. R&R at 14-16.[10]

* * *

---

[10] To the extent that the Report and Recommendation could be read to recommend that the negligence claim be dismissed "with prejudice," R&R at 15, the Court clarifies that the dismissal is without prejudice and also without leave to amend. *See Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 444-45 (2d Cir. 2022) ("A dismissal for lack of jurisdiction without leave to amend is not the same thing as a dismissal with prejudice." (citation omitted))

17

In sum, all claims against the City Defendants are dismissed.  Plaintiff is allowed leave to amend the Section 1983 claims against the Individual Defendants, the *Monell* municipal liability claim against the City, and the ADA claim against the City.  Leave to amend is denied as to the ADA claim against the Individual Defendants, the state-law negligence claim against the City Defendants, and the Additional Allegations.

### IV.  Order to Show Cause: Claims Against BronxWorks and Montefiore

Notwithstanding that BronxWorks and Montefiore have not moved to dismiss, the Court orders Plaintiff to show cause within twenty-one days of this Opinion and Order why it should not *sua sponte* dismiss the federal claims against BronxWorks and Montefiore pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which allows a court to "dismiss . . . at any time" claims brought *in forma pauperis* where the litigant has "faile[d] to state a claim on which relief may be granted."  *See Milan v. Wertheimer*, 808 F.3d 961, 963-64 (2d Cir. 2015) (affirming the district court's *sua sponte* dismissal of a *pro se* Section 1983 claim pursuant to 28 U.S.C. § 1915(e)(2)(B) where some of the defendants were not plausibly alleged to have been state actors); *Vekaria v. Mthree Corp. Consulting, Ltd.*, No. 22 Civ. 3197 (JPC), 2024 WL 4337542, at *18 (S.D.N.Y. Sept. 27, 2024) (putting a plaintiff on notice of the court's intent to *sua sponte* dismiss the claims against non-moving defendants).

Section 1983 does not provide relief against a private entity unless that party's actions are attributable to the state, *i.e.*, "under color of state law."  *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (citing 42 U.S.C. § 1983).  That situation arises when "(1) the State compelled the conduct [the 'compulsion test'], (2) there is a sufficiently close nexus between the State and the private conduct [the 'close nexus test' or 'joint action test'], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State [the 'public function

18

test'].″  *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (citation modified).  The

plaintiff "bears the burden of showing state action" on the defendant's part.  *Bryant v. Steele*, 462

F. Supp. 3d 249, 266 (E.D.N.Y. 2020) (citing *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312

(2d Cir. 2003)).

Plaintiff does not appear to plead facts establishing that BronxWorks acted under color of

state law.  *See generally* TAC.  According to his allegations, BronxWorks "is a social services

organization."  *Id.* ¶ 4.  As the Honorable Katherine P. Failla explained in her case involving

Plaintiff, "the Jerome Avenue facility . . . is a homeless shelter for men," and many "[c]ourts in

this Circuit have held that the provision of homeless services by a private organization, even under

contract with the state or where subject to governmental regulation, does not turn the private

organization or its employees into state actors."  *Etuk v. City of New York*, No. 24 Civ. 4957 (KPF),

2026 WL 366763, at *10 (S.D.N.Y. Feb. 10, 2026) (citation modified) (collecting cases).  This

Court thus is inclined to conclude that Plaintiff likewise fails to allege a Section 1983 claim against

BronxWorks.

The Court is similarly inclined to conclude that Plaintiff has failed to adequately allege a

Section 1983 claim against Montefiore.  Courts in this District have consistently held that

Montefiore and its staff are not state actors and thus not subject to suit under Section 1983.  *See,*

*e.g.*, *Middleton v. Bayner*, No. 24 Civ. 8215 (LLS), 2025 WL 2928974, at *2 (S.D.N.Y. Oct. 14,

2025) ("A private hospital like Montefiore, and its staff, are not state actors when they

involuntarily commit an individual to a hospital for psychiatric care and when they medicate that

individual."); *Marte v. Montefiore Med. Ctr.*, No. 22 Civ. 3491 (CM), 2022 WL 7059182, at *5

(S.D.N.Y. Oct. 12, 2022) (dismissing constitutional claims against Montefiore because it "has been

19

held in many cases to be a private actor, not a state actor"). Plaintiff does not appear to plead facts that permit the Court to diverge from that conclusion.

The Court therefore is inclined to dismiss without prejudice Plaintiff's Section 1983 claims against BronxWorks and Montefiore, although with leave to amend if Plaintiff believes he can plead sufficient facts that would render those claims viable.

Similarly, to the extent Plaintiff brings ADA claims against BronxWorks and Montefiore, he shall show cause why the Court's *sua sponte* dismissal without prejudice and with leave to amend would not be appropriate given that the Third Amended Complaint does not allege that he has a disability, *see supra* III.C, and further does not appear to plead that either BronxWorks or Montefiore was involved in the alleged removal of Plaintiff's service animal and failure to accommodate his disability and, even if they were, that either is a "public entity" under the ADA. *See Grullon*, 2021 WL 981848, at *11.

Failure to respond to this order to show cause within twenty-one days of this Opinion and Order will result in the dismissal of the federal claims against BronxWorks and Montefiore.

## V. Conclusion

Based on the foregoing, the Court adopts the Report and Recommendation. The Court dismisses with prejudice and without leave to amend the ADA claims against the Individual Defendants and the Additional Allegations. The Court dismisses without prejudice the Section 1983 claims against the Individual Defendants, the *Monell* claim against the City, the ADA claim against the City, and the negligence claim against the City Defendants. Plaintiff may amend the Section 1983 claims against the Individual Defendants, the *Monell* claim against the City, and the ADA claim against the City only if he believes that he can plead additional facts to fix the defects identified herein. Plaintiff is further advised that a Fourth Amended Complaint "would completely

20

replace—not supplement"—the existing Third Amended Complaint, so "any allegations and materials that [he] would like the Court to consider must be pleaded in or attached to the new complaint." *Bocci*, 2025 WL 2754479, at *17. Any further amended complaint must be filed within forty-five days of this Opinion and Order.

The Court also gives Plaintiff notice of its intent to dismiss the Section 1983 claims and the ADA claims against BronxWorks and Montefiore without prejudice, but with leave to amend. Plaintiff must show cause in a written submission to the Court, filed within twenty-one days of this Opinion and Order, why those claims against BronxWorks and Montefiore should not be dismissed.

The Clerk of Court is respectfully directed to close Docket Number 61 and to mail a copy of this Opinion and Order to Plaintiff's address on the docket.

SO ORDERED.

Dated: March 31, 2026
      New York, New York

                        JOHN P. CRONAN
               United States District Judge